# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**GREGORY SMITH**,

       Plaintiff,

vs.                                  No. CIV09-0433
                                       (JURY IS REQUESTED)

**FLYING J, INC.**,

       Defendant.

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

**PLAINTIFF, GREGORY SMITH,** by and through his attorney, Dennis W. Montoya, for his Complaint states as follows:

## PARTIES

1.      Plaintiff, **GREGORY SMITH**, was at all times relevant to this action a resident of the County of Bernalillo, State and federal judicial district of New Mexico;

2.      Plaintiff is a qualified worker with a disability, in that he suffers from a mental condition that substantially impairs him in one or more major life activities, and he is able to perform the duties and functions of his employment position, with or without accommodations;

3.     Defendant **FLYING J, INC.** was at all times relevant to this action a Utah corporation doing business in the State of New Mexico and Plaintiff's employer within the meaning of Americans with Disabilities Act, codified at 42 U.S.C. §12101, et seq.;

## JURISDICTION AND VENUE

4.     Plaintiff and all defendants were at all relevant times residents of the County of Bernalillo, State and federal judicial district of New Mexico;

5.     The acts and omissions giving rise to this action occurred within the State and federal judicial district of New Mexico;

6.     A timely administrative complaint of discrimination and retaliation was filed by Plaintiff, an administrative investigation was carried out, and a determination and notice of rights was issued.  This case is timely filed and all administrative prerequisites to filing suit have been satisfied;

7.     Jurisdiction and venue in this case lie with the United State District Court for the District of New Mexico;

## FACTS COMMON TO ALL COUNTS

8.     The foregoing paragraphs are herein incorporated by reference as if fully set forth;

9.     Plaintiff was hired by Defendant Flying J, Inc. on January 2, 2007, as a Financial Services Associate;

10.    Plaintiff's job performance at all times relevant to this complaint was well within acceptable standards, as reflected in his productivity and performance;

11.    Plaintiff presented, on February 27, 2007, a doctor's note requesting reasonable accommodation for his disability;

12.    Plaintiff was told by Defendant's Director of Business Development that the doctor's note presented by Plaintiff was "not good enough";

13.    As a result of the Director of Business Development's statement, Plaintiff sought and obtained an additional doctor's note with more detail, which he presented to his employer on March 15, 2007, again requesting reasonable accommodation;

14.    Plaintiff's request for reasonable accommodation was denied;

15.    Following his making of a request for reasonable accommodation, Defendant terminated Plaintiff's employment, alleging time and attendance "fraud";

16.    Plaintiff had committed no time and attendance fraud;

17.     The justifications relied on by the Defendant in support of its determination to terminate the employment of the Plaintiff were false, unworthy of belief, and in fact constituted a pretext to conceal prohibited discrimination;

18.     On or about March 30, 2009, Plaintiff's employment was terminated by the Defendant.

## COUNT I:  DISABILITY DISCRIMINATION
## IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

19.     The foregoing paragraphs are herein incorporated by reference as if fully set forth;

20.     The acts and omissions described constituted discrimination against Plaintiff on the basis of his disability status;

21.     The discrimination suffered by the Plaintiff violated the Americans With Disabilities Act, codified at 42 USC §12101 et seq.

22.     The Plaintiff's employer, Flying J. Inc., is liable to Plaintiff under 42 USC §12101 et seq. for said disability discrimination;

23.     Plaintiff was harmed and damaged by the aforementioned disability discrimination, in an amount to be established at trial, for which he is entitled to just and fair compensation;

## COUNT II:  FAILURE/REFUSAL TO PROVIDE DISABILITY ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

24.     The foregoing paragraphs are herein incorporated by reference as if fully set forth;

25.     The acts and omissions described constituted failure and refusal to provide reasonable disability accommodation for Plaintiff;

26.     The failure/refusal by the Defendant to afford reasonable disability accommodation to the Plaintiff violated the Americans With Disabilities Act, codified at 42 USC §12101 et seq.;

27.     The Plaintiff's employer, Flying J. Inc., is liable to Plaintiff under the Americans With Disabilities Act for said denial of reasonable accommodation;

28.     Plaintiff was harmed and damaged by the aforementioned denial of reasonable accommodation, in an amount to be established at trial, for which he is entitled to just and fair compensation;

## COUNT III:  RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

29.     The foregoing paragraphs are herein incorporated by reference as if fully set forth;

30.     The acts and omissions described constituted retaliation against Plaintiff on the basis of his having exercised his legally protected right to request reasonable disability accommodation;

31.     The retaliation suffered by the Plaintiff from the defendants violated the Americans With Disabilities Act, codified at 42 USC §12101 et seq.;

32.     The Plaintiff's employer, Flying J, Inc., is liable to Plaintiff for said retaliation;

33.     Plaintiff was harmed and damaged by the aforementioned retaliation, in an amount to be established at trial, for which he is entitled to just and fair compensation;

## COUNT IV:  NEW MEXICO COMMONLAW TORT OF RETALIATORY DISCHARGE

34.      The foregoing paragraphs are herein incorporated by reference as if fully set forth;

35.     The acts and omissions described constituted the New Mexico commonlaw tort of retaliatory discharge from employment;

36.     The Plaintiff's employer, Flying J, Inc., is liable to Plaintiff for said retaliatory discharge;

37.     Plaintiff was harmed and damaged by the aforementioned retaliatory discharge, in an amount to be established at trial, for which he is entitled to just and fair compensation;

## COUNT V:  PUNITIVE DAMAGES

38.     The foregoing paragraphs are herein incorporated by reference as if fully set forth;

39.     Defendant Flying J., Inc., knew and had reason to know that Plaintiff was being subjected to discrimination and retaliation as otherwise described herein, yet failed and refused to take any action to stop or curtail these practices against Plaintiff, and in fact permitted and tolerated Plaintiff's discharge from employment in violation of the law;

40.     Defendant Flying J. Inc., is therefore liable for punitive damages as otherwise permitted by law, so that this defendant and others similarly situated may be dissuaded from engaging in the same or similar acts and omissions in the future;

**WHEREFORE,** Plaintiff requests that the Court accept his complaint and order trial by jury as to all counts so triable, and that after trial the Court grant him compensatory damages in an amount to be established at trial, punitive damages in amounts sufficient to effect the purposes of punitive damages awards, reasonable

attorney's fees and costs of this action to the extent authorized by law, and such

other and further relief as is deemed just and necessary in the premises.

Respectfully Submitted:
**MONTOYA LAW, INC.**

BY:

_____
Dennis W. Montoya
P.O. Box 15235
Rio Rancho, NM  87174-0235
(505) 246-8499
(505) 246-8599 (Facsimile)